# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

DERRICK D. JOHNSON,                                                                                    PLAINTIFF
ADC #106719

v.                                            1:19-cv-00086-JM-JJV

POWELL, Medical Staff Manager,
CCS Medical Services; *et al.*                                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.   Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.      INTRODUCTION**

Derrick D. Johnson ("Plaintiff") is a prisoner in the Grimes Unit of the Arkansas Department of Correction ("ADC").   He has filed a *pro se* Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights.   (Doc. No. 6.)   After careful review, I find the Amended Complaint should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**II.     SCREENING**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).   The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(A)(b). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   The factual allegations must be weighted in favor of Plaintiff.   *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).   "In other words, the § 1915(d) frivolousness determination,

2

frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly,* 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

Title 42 of the United States Code, section 1983 allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

III. **AMENDED COMPLAINT**

In September 2019, Plaintiff filed a Complaint alleging several Defendants violated his constitutional rights by failing to provide him with adequate medical care for a seizure disorder and other health problems, refusing to modify his work assignment and restrictions to

accommodate his medical issues, and retaliating against him for filing grievances. (Doc. No. 2.) On September 20, 2019, I entered an Order explaining to Plaintiff which of his claims were properly pled and which had pleading deficiencies. (Doc. No. 5.) I gave Plaintiff the option of proceeding with his plausible and properly pled claims or filing an Amended Complaint. (*Id.*) Importantly, I cautioned Plaintiff an Amended Complaint would render his original Complaint without legal effect and only his allegations in the Amended Complaint would be considered. (*Id.*)

On October 16, 2019, Plaintiff filed an Amended Complaint alleging *unspecified* "medical staff" attempted to poison him "on behalf of Wendy Kelley" and denied him medical care for unexplained heart and brain problems in retaliation for him previously filing grievances against Wendy Kelley. (Doc. No. 6 at 4.) To proceed with a § 1983 claim, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal,* 556 U.S. at 676. Plaintiff has not identified the "medical staff," who allegedly failed to provide him with adequate medical care for retaliatory reasons. Thus, he has failed to plead a plausible inadequate medical care or retaliation claim against those unnamed individuals.

Also, to proceed with a retaliation claim, Plaintiff must plead facts suggesting he: (1) engaged in protected activity; (2) Defendants took adverse action against him "that would chill a person of ordinary firmness" from engaging in that activity; and (3) retaliation was the actual motivating factor for the adverse action. *See In re Kemp*, 894 F.3d 900, 906 (8th Cir. 2018); *Lewis v. Jacks*, 486 F.3d 1026, 1028 (8th Cir. 2007). Plaintiff does not allege Wendy Kelley, who is the only ADC official who had a motive to retaliate against him, was directly involved in his medical care. Similarly, he does not contend the unspecified medical staff, who were directly

involved in his medical care, had a personal motive to retaliate against him. Instead, Plaintiff claims the unspecified medical staff denied him care to retaliate against him for filing grievances against their superior, ADC Director Wendy Kelley. This is too tenuous of a connection to satisfy the third element of a retaliation claim. *See Bitzan v. Bartruff,* 916 F.3d 716, 717 (8th Cir. 2019) (dismissing a retaliation claim against several defendants because the prisoner "did not allege any facts connecting those defendants to the challenged actions"); *Antonelli v. Tipton,* Case No. 08-3123, 2009 WL 4825169 (8th Cir. Dec. 16, 2009) (unpublished decision) (affirming the preservice dismissal of a prisoner's retaliation claim because he failed to allege which defendants were involved in or affected by his grievances); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (§ 1983 liability requires a causal link to, and direct responsibility for, the alleged deprivation of constitutional rights). A contrary holding would allow a prisoner, who filed a grievance against ADC Director, to have a plausible retaliation claim against every ADC official he came into contact with thereafter. *See Rienholtz v. Campbell,* 64 F. Supp. 2d 721, 733 (W.D. Tenn. 1999) ("an inmate cannot immunize himself from adverse administrative action by prison officials merely by filing grievances and then claiming that everything that happens to him is retaliatory").

Finally, Plaintiff alleges Nurse Lutner King "said to me that Wendy Kelley is having the U.S. Marines to do a free radiation study without my consent" and that "if I don't drink at least a gallon of warm water a day, I will have a heart attack and other problems such as diabetes, liver damage, and kidney failures." (Doc. No. 6 at 5.) He also says Nurse Armstrong told him "not to f_ _ _ k with the real Wendy Kelley." (*Id*.) Despite my prior instructions, Plaintiff has not named either Nurse King or Nurse Armstrong as Defendants. (Doc. No. 5.) More importantly, his poisoning and non-consensual radiation claims are clearly frivolous. *See Denton v.*

5

*Hernandez,* 504 U.S. 25, 32-33 (1992) (explaining a claim is factually frivolous if the allegations are "fantastic," "delusional," "irrational," or "wholly incredible").

## IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Amended Complaint (Doc. No. 6) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. Dismissal of this action be counted as a "strike" under 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order and Judgment adopting these recommendations would not be taken in good faith.

DATED this 17th day of October 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."